IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NO.: 2006-CA-240-
Division 37

CED CONSTRUCTION PARTNERS, LTD.,

    Plaintiff,

v.

CHANCEY METAL PRODUCTS, INC.,
a Florida corporation; FRANK CASSERINO
CONSTRUCTION, INC., a dissolved
Florida corporation; MILLER, MILLER & MAC-
FLORIDA, INC., a Florida corporation;
and ALAN FOX, individually, and d/b/a FOX
WINDOWS AND GLASS, LLC, a Florida
limited liability company,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CED Construction Partners, Ltd., (CED), sues the Defendants, CHANCEY METAL PRODUCTS, INC. ("Chancey"), a Florida corporation; FRANK CASSERINO CONSTRUCTION, INC. ("Casserino"), a dissolved Florida corporation; MILLER, MILLER & MAC-FLORIDA, INC. ("Miller"), a Florida corporation; and ALAN FOX, individually, and d/b/a FOX WINDOWS AND GLASS, LLC, a Florida limited liability company, (collectively "Fox") and alleges the following:

### Jurisdiction

1. This is an action for damages, arising out of a construction project, the amount of which exceed $15,000.00, exclusive of interest, court costs, and attorneys' fees.


EXHIBIT A

2. Venue is proper in this Court because the cause of action accrued in Orange County, Florida.

### The Plaintiff

3. Plaintiff, CED, is a Florida partnership authorized to do business and doing business in the State of Florida, Orange County, at all times material hereto.

4. On or about June 5, 1997, CED, as the general contractor, entered into a contract with Water View Partners, Ltd., the owner, to construct the Water View Club Apartments, located in Orange County, Florida (the "Project"). In furtherance of the Project construction, CED entered into a separate subcontracting agreement with each of the named Defendants.

### The Defendants

5. Defendant Chancey is a Florida corporation doing business in the State of Florida, Orange County, at all times material hereto. On or about October 30, 1997, Chancey entered into a subcontract with CED in which it agreed to perform and furnish all labor, supervision, services, equipment, tools, scaffolds, materials and other items necessary for incorporation of metal stairs and rails, pursuant to the contract documents.

6. A true and correct copy of the CED-Chancey subcontract is attached hereto as Exhibit A.

7. Defendant Casserino is a dissolved Florida corporation doing business in the State of Florida, Orange County, at all times material hereto. On or about November 17, 1997, Casserino entered into a subcontract with CED in which it agreed to perform and furnish all labor, supervision, services, equipment, tools, scaffolds,

materials and any other materials necessary for the incorporation of building wrap, vinyl siding, flashing, roofing, roof specialties and accessories work, pursuant to the contract documents.

8. A true and correct copy of the CED-Casserino subcontract is attached hereto as Exhibit B.

9. Defendant Miller is a dissolved Florida corporation doing business in the State of Florida, Orange, at all times material hereto. On or about December 29, 1997, Miller entered into a subcontract with CED in which it agreed to perform and furnish all labor, supervision, services, equipment, tools, scaffolds, materials and any other materials necessary for the incorporation of exterior concrete and the waterproofing system work, pursuant to the contract documents.

10. A true and correct copy of the CED-Miller subcontract is attached hereto as Exhibit C.

11. Defendant Fox is an individual doing business in his own name and through his company, Fox Windows & Glass, LLC, a Florida limited liability company doing business in the State of Florida, Orange County, at all times material hereto. On or about December 23, 1997, Fox entered into a subcontract with CED in which it agreed to perform and furnish all labor, supervision, services, equipment, tools, scaffolds, materials and any other materials necessary for the incorporation of windows, pursuant to the contract documents.

12. A true and correct copy of the CED-Fox subcontract is attached hereto as Exhibit D.

13. Paragraph 12 of each subcontract named above provided that:

> "Subcontractor guarantees that the Work, including any materials or equipment furnished in connection therewith, shall be free from defects in material and workmanship and shall conform to and meet the requirements of the Contract Documents."

14. Further, each subcontract included an implied obligation and warranty on the part of the subcontractor to perform its work in a diligent, reasonably skillful, and workmanlike manner and to supply materials free from defects.

15. After project completion, evidence of water intrusion into the building's interior, and resulting damages were observed. Subsequent inspections revealed the water intrusion was the result of negligence and construction defects attributable to the Defendants.

16. All conditions precedent to this action have been met or excused.

## Count I – Breach of Contract - Chancey

17. CED realleges and incorporates by reference paragraphs 1 through 16 hereof as if fully set forth at length.

18. Chancey failed to perform its duties required under the subcontract and breached the subcontract by, among other things, failing to fully and properly perform the metal stairs and rails work required of it by its contract resulting in water intrusion and attendant physical damages to the property.

19. As a direct and proximate result of Chancey's material breaches of the subcontract, CED has been damaged.

20. CED has retained the undersigned attorneys to represent it in this lawsuit and is obligated to pay them reasonable fees for their services.

4

21. Pursuant to paragraph 24 of the subcontract, CED is entitled to recover its attorneys' fees from Chancey.

WHEREFORE, CED demands judgment against Defendant Chancey awarding CED damages, costs, interest, attorneys' fees and such other and further relief as the Court deems just and proper.

### Count II – Breach of Contract - Casserino

22. CED realleges and incorporates by reference paragraphs 1 through 16 hereof as if fully set forth at length.

23. Casserino failed to perform its duties required under the subcontract and breached the subcontract by, among other things, failing to fully and properly perform the building wrap, vinyl siding, flashing, roofing, roof specialties and accessories work required of it by its contract resulting in water intrusion and attendant physical damages to the property.

24. As a direct and proximate result of Casserino's material breaches of the subcontract, CED has been damaged.

25. CED has retained the undersigned attorneys to represent it in this lawsuit and is obligated to pay them reasonable fees for their services.

26. Pursuant to paragraph 24 of the subcontract, CED is entitled to recover its attorneys' fees from Casserino.

WHEREFORE, CED demands judgment against Defendant Casserino awarding CED damages, costs, interest, attorneys' fees and such other and further relief as the Court deems just and proper.

### Count III – Breach of Contract - Miller

27. CED realleges and incorporates by reference paragraphs 1 through 16 hereof as if fully set forth at length.

28. Miller failed to perform its duties required under the subcontract and breached the subcontract by, among other things, failing to fully and properly perform the exterior concrete and waterproofing system work required of it by its contract resulting in water intrusion and attendant physical damages to the property.

29. As a direct and proximate result of Miller's material breaches of the subcontract, CED has been damaged.

30. CED has retained the undersigned attorneys to represent it in this lawsuit and is obligated to pay them reasonable fees for their services.

31. Pursuant to paragraph 24 of the subcontract, CED is entitled to recover its attorneys' fees from Miller.

WHEREFORE, CED demands judgment against Defendant Miller awarding CED damages, costs, interest, attorneys' fees and such other and further relief as the Court deems just and proper.

### Count IV – Breach of Contract - Fox

32. CED realleges and incorporates by reference paragraphs 1 through 16 hereof as if fully set forth at length.

33. Fox failed to perform its duties required under the subcontract and breached the subcontract by, among other things, failing to fully and properly perform

the windows installation and related work required of it by its contract resulting in water intrusion and attendant physical damages to the property.

34. As a direct and proximate result of Fox's material breaches of the subcontract, CED has been damaged.

35. CED has retained the undersigned attorneys to represent it in this lawsuit and is obligated to pay them reasonable fees for their services.

36. Pursuant to paragraph 24 of the subcontract, CED is entitled to recover its attorneys' fees from Fox.

WHEREFORE, CED demands judgment against Defendant Fox awarding CED damages, costs, interest and such other and further relief as the Court deems just and proper.

Dated this 21st day of March, 2006.

**Kevin P. Kelly, Esquire**
Florida Bar No. 844160
**Amanda G. Simmons, Esquire**
Florida Bar No.0728020
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32802
Phone: (407) 843-8880
Fax:    (407) 244-5690
Counsel for Plaintiff

\75266\80 - # 474846 v1